UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ESPERANZA MONTIEL,

        Plaintiff,

   v.

TARGET CORPORATION AND DOES 1-50, INCLUSIVE,

        Defendant.

NO. CIV. S-08-1479 FCD DAD

ORDER

----oo0oo----

The court has reviewed defendant's notice of removal to the United States District Court for the Eastern District of California under 28 U.S.C. §§ 1441 based on diversity jurisdiction. The court finds that neither the underlying complaint nor defendant's submissions demonstrates that the amount in controversy exceeds the sum of $75,000.00. Therefore, this action is improperly before this court and the case will be remanded.

"Federal courts are courts of limited jurisdiction." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (internal quotations and citations omitted). Pursuant to 28

U.S.C. § 1441, "district courts have removal jurisdiction over any claim that could have been brought in federal court originally." Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 686-87 (9th Cir. 2007). Courts strictly construe § 1441 against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)). This "strong presumption" against removal jurisdiction "means that the defendant always has the burden of establishing that removal is proper." Id. Defendant must establish that the exercise of jurisdiction is appropriate by a preponderance of the evidence. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Where the amount of damages is not pleaded on the face of the plaintiff's complaint, the defendant bears the burden of proving facts to support the proper exercise of jurisdiction, including the requisite amount in controversy. Id. Specifically, the defendant must present facts that support a finding of the requisite amount. See Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 690-91 (9th Cir. 2006). However, a plaintiff's refusal to stipulate that his claim does not exceed $75,000 is insufficient to establish the amount in controversy. Conrad Assocs. v. Hartford Accident & Indemnity Co., 994 F. Supp. 1196, 1199 (N.D. Cal. 1998); see also Bassel v. 4Access Communications Co., 07-cv-2346, 2008 WL 2157005 (C.D. Cal. May 21, 2008); Nguyen v. Hartford Casualty Ins., Co., 06-cv-2541, 2007 WL 2206903 (D. Ariz. July 30, 2007). "[S]ince a defect in

subject matter jurisdiction cannot be stipulated to or waived, attempting to force the plaintiff to enter a stipulation regarding the potential amount of damages would serve no effect in determining the actual amount in controversy at the time of removal." Conrad, 994 F. Supp. At 1199.

In this case, defendant's notice of removal contains no factual assertions or supporting evidence with respect to the amount in controversy.  Rather, defendant relies solely upon plaintiff's unwillingness to stipulate that the amount of damages present in the case is and will remain under $75,000.  As such, defendant has failed to meet its burden of establishing that jurisdiction is proper by a preponderance of the evidence.

Accordingly, the court REMANDS this action back to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

DATED: July 15, 2008

FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE